UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WELLS FARGO BANK NA ,

    Plaintiff,

v.                                       Case No. 10-C-1039

SOKAOGON CHIPPEWA COMMUNITY, et al.,

    Defendants.

**NOTICE PURPOSE FOR HEARING**

The Court has scheduled a brief telephone conference concerning the Stipulation that the parties have entered requesting an order for entry of a Final Judgment on several of the claims in the above action. The Stipulation is intended to resolve the Plaintiff's Motion for Summary Judgment on Counts 2, 4, 5, 6, and 7 of its Complaint against Defendants Sokaogon Chippewa Community (Mole Lake Band of the Lake Superior Chippewa Indians) and Sokaogon Gaming Enterprises Corporation jointly in the amount of $20,326,625.00 pursuant to Fed. R. Civ. P. 54(b). Count 2 seeks a declaration that the Indenture on which the Tribe's liability for the bonds issued by Wells Fargo is based is not void as an unapproved management contract within the meaning of the Indian Gaming Rights Act (IGRA), 25 U.S.C. § 2711 and 25 C.F.R. § 533.7. Counts 4 and 5 are for breach of the Indenture and bonds by the Tribe, and Count 6 is against the Tribe's Gaming Enterprise Corporation for breach of its guaranty. Finally, Count 7 is a claim for possession of Casino revenues that were pledged as security for the debt. Wells Fargo also sought a stay of litigation on its remaining claims that sought the same relief in the alternative on equitable grounds pending resolution of an anticipated appeal.

It appears from the parties' Stipulation that they essentially concede that there is no genuine dispute as to any material fact relating to the counts upon which Wells Fargo seeks Summary Judgment. Assuming that the Tribe's defense of sovereign immunity has been lawfully waived, as the Court concluded it was in its decision denying the Tribe's Motion to Dismiss, it would appear that Wells Fargo is entitled to Judgment as a matter of law on these counts. Rather than simply agree to judgment on those counts and ask the Court to stay the judgment pending appeal, the parties have asked the Court to certify that there is no just reason for delay and direct the clerk to enter judgment on Counts 4, 5, and 6 so that the Tribe can take an immediate appeal, and to stay proceedings on the remaining counts.

In the Court's view, it would appear more appropriate to simply enter judgment on Counts 4, 5, 6 and 7, dismiss the remaining counts as moot, and stay the judgment pending appeal. If the appeal is successful, and the judgment is reversed, the case would be remanded for consideration of the alternative counts. On the other hand, if the judgment is affirmed, the stay would be lifted and Wells Fargo could proceed to enforce its judgment without further delay. There seems to be no reason to stay proceedings on claims that seek the same relief Wells Fargo is already receiving, albeit on different grounds, as opposed to simply enter a final judgment and terminate this stage of the litigation.

It is true that the alternative claims for relief are not moot in a technical sense. As the Seventh Circuit has noted, "it is cases rather than reasons that become moot." *Air Line Pilots Ass'n Int'l v. UAL Corp.*, 897 F.2d 1394, 1397 (7th Cir.1990). But "the word 'moot' is sometimes used to refer to an issue that need not be decided in light of the resolution in the same opinion of another issue . . . ." *Id.* (citing *Bazemore v. Friday*, 478 U.S. 385, 387 n. 2 (1986) (per curiam)); *see also*

*Novella v. Westchester County*, 661 F.3d 128, 149 (2nd Cir. 2011). Here, because Wells Fargo would receive all of the relief it seeks by judgment in its favor on Counts 4,5,6 and 7, there is no reason to ever address the remaining claims, unless the judgment is reversed. And a stay of the judgment would provide the protection the Tribe would need pending its appeal. The Court therefore proposes and invites the parties to consider whether Judgment should be entered on Counts 4, 5, 6 and 7 of the Complaint, awarding Wells Fargo $20,326,625.00 and possession of the Casino Revenues pledges as security for the debt. The Court would then dismiss as moot the remaining claims and stay the Judgment until the Defendants have had an opportunity to appeal. This, in the Court's view, would seem to be a cleaner way of resolving the case at this stage of the proceedings. The parties should be prepared to address the matter at the telephone conference scheduled for January 3, 2012 at 11:00 a.m.

**SO ORDERED** this    23rd    day of December, 2011.

                                  s/ William C. Griesbach
                                  William C. Griesbach
                                  United States District Judge